IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DUKE ENERGY INTERNATIONAL, | § | |
| L.L.C., *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-0568 |
| | § | |
| JOSEPH NAPOLI, *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Remand and for Costs [Doc. # 3] filed by Plaintiffs Duke Energy International, L.L.C. and Duke Energy International Guatemala Holdings No. 1, Ltd. (collectively, "Duke Energy").[1] Defendants Joseph Napoli, Julio G. Torre, and Artale Holding Corporation, S.A. d/b/a Artale Holding ("Artale") filed a Response [Doc. # 8], and Plaintiffs filed a Reply [Doc. # 13]. Having reviewed the full record and having applied governing legal authorities, the

---

[1] Also pending are Defendants' Motion to Vacate Pre-Removal Temporary Restraining and Expedited Discovery Orders and for Protection ("Motion to Vacate") [Doc. # 4] and Defendants' Motion to Strike or for Leave to File Surreply ("Motion to Strike") [Doc. # 14]. The Court denies the Motion to Vacate without prejudice to its being reurged in state court following remand. The Court has not considered any of the "new evidence" addressed in the Motion to Strike and, therefore, denies the Motion to Strike as moot.

Court **grants** the Motion to Remand and **remands** this case to the 281st Judicial District Court of Harris County, Texas, for lack of subject matter jurisdiction.

Defendants Napoli and Torre were employed by Duke Energy in its Central American operations. Napoli was Vice President of Business Development and Torre was Vice President of Regional Operations. Plaintiffs allege that, while employed by Duke Energy, Napoli and Torre formed Artale to pursue projects in Central America that they properly should have pursued for Duke Energy. Plaintiffs allege that Napoli and Torre, through Artale, profited by millions of dollars at Duke Energy's expense.

Duke Energy filed this lawsuit against Defendants in the 281st Judicial District Court of Harris County, Texas, asserting only state law claims. Plaintiffs requested a "constructive trust covering all assets or proceeds that Defendants directly or indirectly obtained from their wrongful conduct as described in this petition, including all funds held in bank accounts for which any Defendant is the holder or signatory." *See* State Court Petition, Exh. A to Motion to Remand, ¶ 59.

Defendants filed a Notice of Removal, asserting that there "is federal question jurisdiction over this matter because one or more of Plaintiffs' claims are completely preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*" *See* Notice of Removal [Doc. # 1], ¶ 3. Defendants claim specifically that Plaintiffs are seeking to impose a constructive trust on "sums that have been

deferred into an ERISA-regulated 401(k) Plan sponsored by Plaintiffs, along with sums that were contributed to that Plan on Defendants Napoli and Torre's respective behalves." *See id.*, ¶ 8. Defendants argue that ERISA provides the sole and exclusive basis for a party to recover sums wrongfully paid into an ERISA-regulated plan and, therefore, ERISA completely preempts Plaintiffs' claims to recover sums paid into the 401(k) accounts.

There is no language in the State Court Petition that supports Defendants' argument. There is no mention of ERISA, 401(k) accounts, benefits, or retirement accounts. Additionally, Plaintiffs have expressly represented to the Court that they do not – and could not even if they wanted to – seek to recover or to impose a constructive trust on any funds held in Defendants' 401(k) accounts. Indeed, Texas state law prohibits creditors from pursuing assets held in pension plans or other retirement accounts. *See* TEX. PROP. CODE § 42.0021(a); TEX. CIV. PRAC. & REM. CODE § 31.002(f). Likewise, Duke Energy Corporation's Retirement Savings Plan ("Retirement Plan") precludes access by any creditor to an employee's "benefits, payments, proceeds, claims or rights." Plaintiffs in the state court Petition do not seek to recover or impose a constructive trust upon any sums in Defendants' 401(k) accounts and, as Plaintiffs recognize, they are not entitled to seek such relief.

Defendants' basis for removal is likewise unsupported legally.  Defendants argue that a plaintiff can seek to recover funds in an ERISA-regulated pension plan through either a claim for equitable relief pursuant to ERISA § 502(a) or a federal common law theory of unjust enrichment.  In this case, however, Duke Energy could not pursue a claim for equitable relief pursuant to § 502(a).  That statute authorizes a "participant, beneficiary, or fiduciary" to file a civil enforcement action for equitable relief.  *See* 28 U.S.C. § 1132(a)(3).  Duke Energy does not have standing to pursue a claim for equitable relief under § 502(a) because it is not a participant, beneficiary, or fiduciary of the Duke Energy retirement plan.  As the employer, Duke Energy does not have standing to bring an enforcement action under § 502(a).  *See Jamail, Inc. v. Carpenters Dist. Council of Houston Pension and Welfare Trusts*, 954 F.2d 299, 302 (5th Cir. 1992).

Similarly, Duke Energy could not recover from an employee/participant any funds in a 401(k) account under a federal common law claim for unjust enrichment.  The unjust enrichment theory allows a employer to recover *from an ERISA-regulated pension plan* any funds that the employer erroneously paid into the fund.  *See id.* at 304-05.  The claim allows the employer to recover funds from the plan itself, not from an employee.  *See Coop. Benefit Adm'rs. Inc. v. Ogden*, 367 F.3d 323, 333 (5th Cir. 2004) (noting that *Jamail* recognized "a federal common law right of restitution for

an employer vis-a-vis a plan" and declining to extend the federal common law claim of unjust enrichment to claims against a plan participant).

Plaintiffs in their state court Petition do not seek any relief against Defendants' 401(k) accounts. Indeed, Plaintiffs are precluded by Texas state law and by the terms of Duke Energy's Retirement Plan from seeking such relief. Plaintiffs do not have standing to assert a claim for equitable relief under ERISA § 502(a), and the federal common law claim for unjust enrichment recognized by *Jamail* allows recovery of sums erroneously paid into an ERISA-regulated fund only from the fund itself, not from employee participants in the fund. As a result, the Petition asserts no claims under ERISA and does not seek relief against any 401(k) or other ERISA-regulated accounts. Absent federal jurisdiction based on ERISA, the case must be remanded to state court. Accordingly, it is hereby

**ORDERED** that the Motion to Remand [Doc. # 3] is **GRANTED** and the case will be **REMANDED** by separate order. It is further

**ORDERED** that Plaintiffs' request for costs is **DENIED**.

SIGNED at Houston, Texas, this 24th day of **March, 2009**.

_Nancy F. Atlas_
Nancy F. Atlas
United States District Judge